# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| VIKTOR HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-cv-01038 |
| ) | Chief Judge Crenshaw |
| ) | |
| UNIQUE AUTOMOTIVE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

On January 19, 2018, Magistrate Judge Brown entered an Order (Doc. No. 22) in which he (1) noted that a Motion for Entry of Default had been denied by the Clerk on November 13, 2017 because it was not accompanied by an affidavit of military service, and no further activity occurred in the two months thereafter; (2) pointed out how Plaintiff could secure information about military service or non-service; and (3) warned Plaintiff that he would consider recommending that this case be dismissed for failure to prosecute if no further activity occurred within the next 21 days. True to his word, Magistrate Judge Brown subsequently entered a Report and Recommendation ("R & R") (Doc. No. 24), which recommends that this case be dismissed under Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and failure to obey a court order.

Plaintiff has filed an Objection to the R & R in which he claims that, on February 21, 2018, "counsel was able to discovery [sic] the necessary information required to access the Department of Defense Manpower Data center to search military status," and that "[t]he delay in searing [sic] the Data Center was the difficulty in finding defendant Ellis's birth date." (Doc. No. 26 at 1). He also filed a second Motion for Entry of Default that same day, and is awaiting a ruling by the Clerk.

It is not altogether clear whether review of Magistrate Judge Brown's R & R should be under

the clearly erroneous or contrary to law standard of Rule 72(a) of the Federal Rules of Civil procedure, or whether review should be *de novo* under Fed, R. Civ. P. 72(b)(3), particularly since the recommendation is that this case be dismissed without prejudice. On the one hand, many courts, including this one, have applied a *de novo* standard of review to Rule 41(b) recommendations, albeit usually without any further discussion. See e.g., Sweet v. Life Care, No. 2:11-0122, 2012 WL 5830589, at *1 (M.D. Tenn. Nov. 16, 2012); Mitan v. Davis, No. 3:08CV-117-S, 2010 WL 3620194, at *1 (W.D. Ky. Sept. 13, 2010). On the other hand, it has been held that involuntary dismissals under Rule 41(b) are subject to review under the clearly erroneous or contrary to law standard, Save Our Wetlands, Inc. v. Sands, 711 F.2d 634, 640 (5th Cir. 1983), and that the decision to dismiss a case for failure to prosecute or obey court orders is a matter of discretion, Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 736 (6th Cir. 2008).

Regardless of the standard, the Court finds that Magistrate Judge Brown was correct in recommending dismissal given the circumstances before him. The Court also finds, however, that dismissal is now unwarranted because Plaintiff has submitted a second Motion for the Entry of Default that contains the omitted information relating to military service.

Unlike a decision on the substantive merits, "a Rule 41(b) dismissal is deemed a sanction for disobedience[.]" Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. AT&T, 176 F.3d 359, 362–63 (6th Cir.1999).

"Nevertheless, '[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct

by the plaintiff,'" with "contumacious" being defined as "'perverse in resisting authority' and 'stubbornly disobedient.'" Schafer, 529 F.3d at 737 (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir.2005)). Even though a lawyer acts as an agent for a client and the client "cannot avoid the consequences of the acts or omissions of this freely selected agent," Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962), the Sixth Circuit "has repeatedly expressed 'extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney.'" Bowles v. City of Cleveland, 129 F. App'x 239, 242 (6th Cir. 2005) (quoting Mulbah v. Detroit Bd. of Ed., 261 F.3d at 586, 590 (6th Cir. 2001)); see Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) ("Dismissal is usually inappropriate where the neglect is solely the fault of the attorney.").

Here, the failure to prosecute and follow Magistrate Judge Brown's Order was solely the fault of counsel. Although counsel has corrected the omission in the affidavit and the case in now back on track, this does not excuse his failure to take some sort of action within 21 days of Magistrate Judge Brown's January 19, 2018 Order, even if it was simply to move for an extension of time.

Counsel is undoubtedly aware that "strict compliance with orders of a district court is an important duty of counsel," Carter, 636 F.2d at 161, yet, in his Objection, he does not express even a modicum of regret or contrition for his failure to comply with Magistrate Judge Brown's Order. In fact, the failure to comply with a court Order is not even mentioned. The Court finds this a bit disconcerting. Nevertheless, the Court believes that Magistrate Judge Brown's recommendation that this case be dismissed serves as sufficient warning to counsel that Orders of the Court must be followed and cases must be diligently pursued.

For the foregoing reasons, the R & R (Doc. No. 24) is **VACATED**. This case is returned

to Magistrate Judge Brown for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE